## GOFF et al. v. NEVILL et al.

### No. 3678.

Court of Civil Appeals of Texas. El Paso.

June 23, 1938.

R. L. Neal, of San Antonio, for appellants.

C. E. Patterson, of Alpine, for appellees.

NEALON, Chief Justice.

This case involves the custody of two children, to-wit, Betty Jo Taylor and Doris Ann Taylor, aged at the time of trial, respectively, 13 and 10 years. The suit was filed on the 16th day of July, 1935, by Anna M. Nevill, joined by her husband, Ed Nevill, of Brewster County, Texas, against Carl Taylor, then a resident of Culberson County, Texas, and Edith Nevill Taylor Goff and her husband, who were then residents of Ector County, Texas. Carl Taylor and Edith Nevill were married on or about September 9, 1920. The children whose custody is here involved were born of that marriage. The parents were divorced August 20, 1930, and custody of the children awarded to the wife, Edith Nevill Taylor. Subsequently both remarried. Edith Nevill Taylor became the wife of H. L. Goff, who is one of the parties to this appeal. In the original suit, on August 22, 1935, a decree was entered awarding the care, custody and control of the children to Anna Nevill and Ed Nevill until the following regular term of the court and from term to term until said order should modified, said order containing the provision that the parents of the children might visit them at reasonable times, but should not remove them from the custody of Anna Nevill and Ed Nevill without the consent of the last named persons. Prior to this time and prior to her marriage with H. L. Goff, the mother had taken possession of the children, taking them from the home of their father, and had attempted to take them to her home in Odessa. The children were taken from her and put in the custody of the grandparents. On August 3, 1937, Edith Nevill Taylor Goff and husband, H. L. Goff, filed in the original case an application reciting that soon after her divorce she allowed the children to remain with her father and mother because she was not financially able to give them such advantages as she desired them to have and because her mother ex-

pressed a desire to aid her, and alleging that her financial condition had improved to such an extent that she was able to take care of her children, and believing it to be to their best interest that they should live with and be under the care of their mother, she prayed that the former order of the court be set aside and that the custody of the children be awarded to her.

The trial court made findings of fact substantially as follows: That in this case on the 16th day of August, A. D. 1935, on the petition of Ed Nevill and wife, Anna Nevill, and the default of the Goffs, by a judgment of said court, the custody of Betty Jo and Doris Ann Taylor, was awarded to Ed Nevill and wife, Anna Nevill, the grandparents of said children; that said children, aged 13 and 10, respectively, were in 1931 left by their mother with their said grandparents, and have ever since been with them, by virtue of the consent of their said mother and the judgment of the court aforesaid; that Ed and Anna Nevill are altogether capable and proper persons to have the custody of said children; that said children are very much attached to their said grandparents and the grandparents to them; that said children were of very young and tender years, aged about seven and four when first left with their grandparents by their mother, and that their mother has not been associated with them at any time during the past six years and has only seen them two or three times, and as a result that the children have largely forgotten their mother and know and entertain but little real affection for her; that the mother is now married to and living with H. L. Goff, who has two small sons living with the Goffs; that the Goffs are capable and suitable persons, and are engaged in the tourist court or camp business which produces sufficient returns to provide for the family; that the separation of the children from their mother has continued for so long a time that there is an almost lack of real and genuine affection for their mother and at their present ages a separation from their grandparents and a restoration of their possession to their mother would be a serious detriment to their welfare and best interests and would in all probability impair their health and would certainly wreck and destroy their happiness.

The Court entered judgment that Mr. and Mrs. Goff take nothing by their suit. From this judgment they appeal.

## Opinion

It will be observed that though the order awarding the children to their maternal grandparents permitted both parents to visit them at reasonable times, their mother has seen them but two or three times since the order was entered. There was, therefore, ground for the Court's finding that the feeling of the children toward their mother was one of indifference, a feeling that may be overcome in the future if the mother will take advantage of the provision of the Court's order permitting her to visit the children. Mrs. Nevill testified that her children "are always welcome." All of the testimony reflects her perfect sincerity in her expressed desire to have the mother visit the children and share their affection. The older child is afflicted to such an extent that she is a pupil in the Texas School for the Deaf at Austin for nine months of the year, and requires a special diet, as well as regular administration of insulin. According to the grandmother her physician has advised that undue excitement might prove fatal to this child. Part of the grandmother's objection to the removal of the children apparently was her fear that the bustle and stir of the tourist camp in which the mother lived might injure the older child. The evidence, too, of the mother's willingness to administer medicine under a physician's advice was far from satisfactory, one of her last answers being, "My husband believes in medicine, if I don't, and if I haven't enough sense to do it (administer medicine under a doctor's orders), he will. He is a pretty good nurse." The husband labors as an oil field worker when employment is to be had.

The maternal grandmother at the time of trial was permitting the younger child to go to school in Pecos and live with her father, Carl Taylor, who resides in that city, and who for several years has been contributing to the support of the children.

Necessarily the order awarding the custody of the children to Mr. and Mrs. Nevill is subject to change when conditions warrant such action. However, the trial judge had the parties and the children before him. He had an opportunity to observe the manner of the contending parties toward the children and each other, and the attitude of the children toward all parties litigant, as well as the apparent state of health of the children; and, we cannot say that he abused his discretion

or acted contrary to a preponderance of the evidence in refusing at this time to change the former order in the manner prayed.

Judgment is affirmed.